UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS III,

       Plaintiff,

       v.

ERIC HOLDER JR., BARBARA L.
McQUADE, PATRICIA GAEDEKE,
JENNIFER GORLAND, and
BLONDELL MOREY,

       Defendants.

_____/

Case No. 15-11540
Hon. George Caram Steeh
Mag. Judge Mona K. Majzoub

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### OVERVIEW

Pending is plaintiff, Andrew Gross III's, motion to remand the current case to

state court. Plaintiff advances two arguments in support of his motion to remand. First,

plaintiff contends that he was entitled to notice of defendants' intent to remove. Second,

plaintiff argues that the defendants failed to timely remove the case to federal court. The

plaintiff's arguments are unpersuasive. For the reasons set forth below, the motion is

denied.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a pro se inmate, has filed suit for alleged constitutional violations against

five current and former Department of Justice officials. Plaintiff brought forward three

counts against the defendants: failure to provide a speedy trial, violation of plaintiff's

double jeopardy rights, and denying the plaintiff equal protection of the law and

procedural due process of law. On March 5, 2015 plaintiff filed suit in state court. The two sides disagree as to when the complaint was received. Plaintiff contends that defendants received a copy of the complaint on March 26, 2015, the date the certified mail receipt was postmarked. Defendants contend, however, that they did not receive the complaint until March 31, 2015, the time-stamped date of receipt by the United States Attorney's Office. The United States Attorney's Office removed the case to federal court on April 28, 2015.

## II.  STANDARD OF REVIEW

Federal courts have jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Defendants may remove a case if the matter is removable on the face of the complaint. See 28 U.S.C. §1446(b). For a suit to arise under federal law, one of three preconditions must be met: 1) federal law creates plaintiff's cause of action; (2) plaintiff's right to relief under state law requires resolution of a substantial federal law question actually in dispute; or (3) the claim is in substance one of federal law. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007). Any ambiguity concerning the scope of removal is resolved in favor of remand to state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Removing defendants bear the burden of establishing federal subject matter jurisdiction. *Ahearn v. Charter Township*, 100 F.3d 451, 453 (6th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party has 30 days to file notice of removal from the time the complaint is received. 28 U.S.C. § 1446(b)(3).

### III.  ANALYSIS

## A.  RECEIPT OF COMPLAINT

While plaintiff does not contend that the removal was untimely based on the 30 day period in 28 U.S.C. § 1446(b)(1), the timing surrounding this issue must be analyzed. The time stamp showing receipt by the defendants, rather than the date the letter was deemed to have been mailed, indicates the date notice was given. The United States Attorney's Office received the complaint on March 31, 2015 and removed the case on April 28, 2015, within 30 days of receipt. While courts have adopted the mailbox rule deeming a pro se prisoner's document filed upon deposit with the prison authorities for mailing, this holding has not been applied to determine the date of notice of other parties. *Houston v. Lack*, 487 U.S. 266, 276 (1988). In *Houston*, the prisoner delivered his letter to prison authorities within the 30 day period; however prison officials did not deliver that letter until after the 30 day period expired. *Id.* The court held that pro se petitioner's notice of appeal is "filed" at moment of delivery to prison authorities for forwarding to district court. *Id.* Furthermore, while the postmark is the official filing date, the purpose of 28 U.S.C. § 1446 is to commence the running of the thirty-day period once the defendants receive actual notice that the case has become removable." *Nagarajan v. Ostruskza*, 2012 U.S. Dist. Lexis 14998, 2012 WL 5077691, at *3 (W.D. Ky. Oct. 18, 2012).

Here, the United States Attorney's Office could not have had notice of the complaint until the letter was actually received. Simply sending the letter is not enough to put the United States Attorney's Office on notice. To fulfill the purpose of 28 U.S.C. § 1446 as set forth in *Nagarajan*, the thirty-day period can only begin when the

defendants receive actual notice. Actual notice can only be determined to have happened when the letter containing the complaint was received by the U.S. Attorneys on March 31, 2015. Therefore, the thirty-day period began on that date and the filing deadline for removal was April 30, 2015. The defendants filed on April 28, 2015; therefore the case was timely removed.

## B.  NOTICE OF INTENT TO REMOVE

Plaintiff alleges that he was entitled to notice of defendants' intent to remove and thus remand is proper. Defendants contend that 28 U.S.C. § 1446 allows for removal and bars remand in the current case. The Court agrees with the defendants that remand is improper because 28 U.S.C. § 1446 does not require the defendants to provide notice of removal, in excess of filing, to the plaintiff.

Under 28 U.S.C. § 1446(a), "defendants desiring to remove any civil action from a State court shall file in [the appropriate federal court]. . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  Here, defendants' notice of removal filed on April 28, 2015 includes all of the information required of them. There is no requirement set forth in the above statute that requires the defendants to provide notice to the plaintiff.

Plaintiff further relies on 28 U.S.C. § 1446(b)(3) to argue that the defendants failure to notify the plaintiff of removal makes remand proper. The plaintiff is incorrect. 28 U.S.C. § 1446(b)(3) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

-4-

defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here again, the defendants timely removed the case on April 28, 2015, within 30 days of receipt of the removable complaint and realization that the case was removable. Therefore, the court agrees with the defendants that the notice the defendants gave was proper.

## C.  28 DAY DEADLINE

Plaintiff contends that the defendants failed to meet the 28 day deadline for service by mail. That rule has no bearing on removal to federal court. The deadline for removal in federal court is 30 days. 28 U.S.C. § 1446(b)(1). Therefore the plaintiff's assertion that defendants did not meet the 28 day deadline does not impact the current issue.

## IV.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated:  July 15, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 15, 2015, by electronic and/or ordinary mail and also on Andrew Gross III #28240-039, Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808.

s/Barbara Radke
Deputy Clerk

---