UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

        Plaintiff,

                                        Case No. 15-CV-11540

vs.

                                        HON. GEORGE CARAM STEEH

ERIC HOLDER, JR., et al.,

        Defendants.
_____/

ORDER GRANTING INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS [DOC. # 7] AND GRANTING
DEFENDANT UNITED STATES' MOTION TO DISMISS [DOC. #8]

        Pro se inmate, plaintiff Andrew Gross, III, was charged criminally and convicted in 2002 after a jury trial on seven counts of mail fraud, six counts of credit card fraud, and one count of identity theft.  He also pled guilty in 2002 to one count of a separate indictment charging him with negotiating counterfeit securities.  Plaintiff filed the present lawsuit alleging constitutional violations against five current and former Department of Justice officials.  Plaintiff asserts that defendants Eric Holder, Barbara McQuade, Jennifer Gorland and Blondell Morey willfully and knowingly prevented him from having a speedy trial, committed fraud on the court, and failed to prevent a conspiracy against him.  Plaintiff further alleges that the defendants subjected him to illegal court proceedings and wrongful conviction and sentence.  His constitutional injuries include alleged deprivation of life, liberty and property; cruel and unusual punishment; false arrest; false imprisonment; malicious prosecution; intentional infliction of emotional

distress; and due process and equal protection violations.  No substantive allegation is advanced against Ms. Gaedeke.  Plaintiff seeks compensatory and punitive damages.

On June 26, 2015, the United States filed a notice of substitution as the proper party to the extent plaintiff is trying to advance his tort claims against defendants in their official capacities.  Presently before the court are the individual defendants' motion to dismiss and the United States' motion to dismiss.  A notice setting responsive pleading due dates and informing the parties that the motions will be determined without oral argument was issued on June 29, 2015.  On July 29, 2015, the notice sent to plaintiff was returned to the court as undeliverable because he had been transferred to a different facility.  The court sent a new notice to plaintiff at his new address, requiring his response briefs to be filed by September 18, 2015.  As of the date of this order, plaintiff has not filed a response brief to either of the pending motions, nor has he informed the court that he has a new address.  The court is fully informed in the pending matter and will proceed in addressing defendants' motions to dismiss.

I. Individual Defendants' Motion to Dismiss

   A. Standard of Review

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face".

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

In cases where the plaintiff is pro se, courts liberally construe the complaint and do not hold it to the same stringent standard as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

B. <u>Statute of Limitations</u>

For constitutional tort claims, courts borrow the statute of limitations for personal torts from the state where the claim arose. *Hardin v. Straub*, 490 U.S. 536, 538 (1989). The applicable Michigan statute of limitations is three years. MCLA 600.5805(10). The question of when a *Bivens* action accrues is governed by federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Generally, the statute of limitations begins to run when the plaintiff knows, or has reason to know, of the injury forming the basis of his action. *Id.*

Plaintiff claims constitutional violations occurred during his criminal prosecution in 2002. He primarily attacks his conviction and sentence as wrongful. Because more than three years have passed since his conviction, the limitations period has expired. For this reason plaintiff's suit against the individual defendants is DISMISSED.

II. United States' Motion to Dismiss

    A. Failure to Timely Exhaust Administrative Remedies

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The Federal Tort Claims Act is a limited waiver of sovereign immunity with respect to tort claims against the United States, its agencies, and its employees. See 28 U.S.C. § 1346(b); 28 U.S.C. §§ 2671-2680. The requirements established by the FTCA must be strictly construed. One such requirement is that the claimant must first present the claim to the appropriate federal agency and have his claim finally denied by the agency in writing before suit may be initiated against the United States. 28 U.S.C. § 2675(a). Therefore, no tort suit may be initiated against the United States until a plaintiff has first presented his or her administrative claim to the appropriate federal agency and the agency has then issued a final denial of that claim in writing. See *McNeil v. United States*, 508 U.S. 106, 107 (1993).

Furthermore, a plaintiff must timely pursue any tort claim. Absent equitable tolling, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Under the FTCA, a claim accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, both the existence and cause of his or her injury. *United States v. Kubrick*, 444 U.S. 111, 121-24 (1979).

Here, plaintiff has not exhausted his administrative remedies. He never filed any administrative claim with the Department of Justice, which employs or employed the five

individual defendants. (Jenkins Dec., ¶3). Moreover, plaintiff had two years from 2002 to file an administrative claim, when he knew of the convictions which form the basis for his allegations. The time for him to present any tort claims to the Department of Justice expired no later than the end of 2004. Because plaintiff did not meet the requirements of the FTCA's waiver of sovereign immunity, his tort claims against the United States are DISMISSED.

Dated: October 1, 2015

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 1, 2015, by electronic and/or ordinary mail and also on Andrew Gross #28240-039, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.

s/Barbara Radke
Deputy Clerk